# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:06-cv-1169 OWW DLB |
| Plaintiff, ) | SCHEDULING CONFERENCE ORDER |
| v. ) | Discovery Cut-Off: 4/1/09 |
| REAL PROPERTY LOCATED AT 2026 SOUTH PLANO STREET, PORTERVILLE, CALIFORNIA, TULARE COUNTY APN 270-110-043, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, ) | Non-Dispositive Motion Filing Deadline: 4/15/09 |
| | Dispositive Motion Filing Deadline: 5/1/09 |
| Defendant. ) | Settlement Conference Date: 4/15/09 10:00 Ctrm. 9 |
| | Pre-Trial Conference Date: 7/13/09 11:00 Ctrm. 3 |
| | Trial Date: 8/25/09 9:00 Ctrm. 3 (CT-2 days) |

I.   Date of Scheduling Conference.

January 4, 2008.

II.   Appearances Of Counsel.

Stephanie Hamilton Borchers, Esq., Assistant U.S. Attorney, appeared on behalf of Plaintiff.

Gary Huss, Esq., appeared on behalf of Claimants Luis Barraza Meza and Gladis A. Barraza.

///

1

III.  Summary of Pleadings.

1.   This is an *in rem* civil forfeiture action.  In its Verified Complaint for Forfeiture *In Rem*, the government alleges that the Defendant property located at 2026 S. Plano Street, Porterville, California, Tulare County, APN: 270-110-042 (hereafter "Defendant real property") was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. § 841 et seq., and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

2.   The Defendant real property was posted with copies of the complaint and notice of the complaint on September 19, 2006. Notice of the forfeiture action was published on December 6, 13, 20, and 27, 2006, in the Visalia Times-Delta (Tulare County) pursuant to the Order of Publication filed November 8, 2006.  A Proof of Publication was filed on March 5, 2007.

3.   Luis Barraza Meza was personally served on or about September 22, 2006, with copies of the complaint, notice of complaint, application and order for publication, lis pendens, order setting mandatory scheduling conference, standing order in all civil cases assigned to U.S. District Judge Oliver W. Wanger, notice of availability of Magistrate Judge, and notice of dispute resolution.

4.   On or about September 22, 2006, Gladis A. Barraza was served the above-listed documents through her husband, Luis Barraza Meza, a person of suitable age and discretion then residing in the potential claimant's usual place of abode.  On or about November 14, 2006, the government sent the above-listed

documents to Gladis A. Barraza via certified mail.

5. On or about February 15, 2007, an unverified Claim and Request for Judicial Forfeiture was filed on behalf of Luis Barraza and Gladis Barraza. On or about February 23, 2007, an Answer to the Verified Complaint for Forfeiture *In Rem* was filed on behalf of Luis Barraza and Gladis Barraza. Additionally, on September 14, 2007, a Claim was filed on behalf of Luis Barraza and Gladis Barraza.

6. As of the date of the filing of this report, no other potential claimants have filed claims or answers, or otherwise appeared in this action.

IV. Orders Re Amendments To Pleadings.

1. The parties do not propose any amendments to the existing pleadings at this time.

V. Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1. It is uncontested that law enforcement officers executed a federal search warrant at the Defendant real property on August 24, 2005.

2. Heroin, approximately 3,223 grams of methamphetamine, a total of four firearms, a box of .20 gauge ammunition, two scales and various other items of narcotics indicia were located and seized from the Defendant real property.

3. The Defendant real property was posted with notice of this forfeiture action on September 9, 2006.

B. Contested Facts.

1. Plaintiff contends the facts are as stated in its

3

Verified Complaint.

2. Claimants Luis Barraza and Gladis Barraza contest the allegations of facts as set forth in the Plaintiff's Verified Complaint, except to the extent that those alleged facts were expressly admitted in Claimants' Verified Answer to Plaintiff's Verified Complaint for Forfeiture *In Rem*. Claimants further contend that if the facts as alleged by the Plaintiff in its Verified Complaint, or any part thereof, are found to be true, that the Claimants, and each of them, had no information, belief and/or knowledge of same; that they were bonafide purchasers for value of the subject property, and that they, and each of them, are entitled to remission of the forfeited property.

VI. Legal Issues.

    A. Uncontested.

        1. Jurisdiction exists under 28 U.S.C. §§ 1345 and 1355.

        2. Venue is proper under 28 U.S.C. § 1395.

    B. Contested.

        1. Whether or not the real party is forfeitable to the United States.

        2. Whether or not forfeiture of the real property would constitute an excessive fine under the Eighth Amendment.

VII. Consent to Magistrate Judge Jurisdiction.

    1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

    1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent

corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.  Discovery Plan and Cut-Off Date.

1.   The parties agree that non-retained percipient witness experts such as law enforcement officers need to be disclosed as experts, or expert reports produced, under Fed. R. Civ. P. 26(a)(2) only to the extent they will be called on to present expert testimony beyond their involvement as percipient witnesses in this case and agree that any expert "retained or specially employed" by either party shall be disclosed, and a report produced, in accordance with Rule 26(a)(2)(B).  The parties agree that, to the extent that drug evidence seized has been, or will be examined by an employee of any state, local, or federal agency, that production of the laboratory analysis, in the usual format provided to criminal Defendants, will satisfy the requirement of the production of a "report" under Rule 26(a)(2)(B).

2.   The parties agree that Plaintiff shall disclose the identity of an expert "retained or specially employed" to provide expert testimony.

3.   The parties are ordered to complete all non-expert discovery on or before December 5, 2008.

4.   The parties are directed to disclose, simultaneously, all expert witnesses, in writing, on or before February 2, 2009. The parties are directed to disclose, simultaneously, rebuttal or

5

supplemental experts on or before March 2, 2009.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    5.   The parties are ordered to complete all expert discovery on or before April 1, 2009.

    6.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before April 15, 2009, and heard on May 22, 2009, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be

filed no later than May 1, 2009, and will be heard on June 8, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.  July 13, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.  The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.  Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

    1.  August 25, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.  This is a non-jury trial.

    3.  Counsels' Estimate Of Trial Time:

        a.  2 days.

    4.  Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII.   Settlement Conference.

    1.  A Settlement Conference is scheduled for April 15, 2009, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

7

     2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

     3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

     4.    Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

     5.    The Confidential Settlement Conference Statement shall include the following:

   a. A brief statement of the facts of the case.

   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c. A summary of the proceedings to date.

   d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

   e. The relief sought.

   f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

  1. None.

XV. Related Matters Pending.

  1. This matter is related to *U.S. v. Ignacio Arechiga*, 1:05-cr-0294 OWW (a fugitive), which is currently pending and *U.S. v. Manuel Beltran*, 1:05-cr-0292 OWW, wherein Defendant Manuel Beltran pled guilty to 21 U.S.C. § 841(a) - Possession with Intent to Distribute Heroin.

XVI. Compliance With Federal Procedure.

  1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed

to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII.    Effect Of This Order.

1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.    Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **January 4, 2008**             /s/ Oliver W. Wanger
                                  UNITED STATES DISTRICT JUDGE